UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDIE LEE LUSTER, JR.,

       Plaintiff,

v.                                Case No:  2:14-cv-514-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff Freddie Lee Luster, Jr., appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Supplemental Security Income ("SSI") and Social Security Disability Child's Insurance ("SSDI").  For the reasons discussed herein, the decision of the Commissioner is reversed and remanded.

### I.    Issues on Appeal

There are four related issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly performed a *de novo* review of the evidence in this case; (2) whether the ALJ properly assessed all of the Plaintiff's severe impairments at step two; (3) whether the ALJ properly relied on the Medical Vocational Rules (the "grids") in lieu of relying on vocational expert ("VE") testimony; and (4) whether the ALJ properly considered the Plaintiff's SSDI claim.

### II.    Procedural History and Summary of the ALJ's Decision

On June 25, 2012, the Plaintiff filed applications for SSI and SSDI, alleging

that he became disabled and unable to work on October 20, 2011.   Tr. 348-56, 536-39.   The Social Security Administration ("SSA") denied his claims initially on July 20, 2012 and upon reconsideration on September 27, 2012.   Tr. 308-13, 320-24, 550-54, 566-70.   The Plaintiff then requested and received a hearing before ALJ Larry Butler on April 8, 2013, during which he was represented by an attorney.   Tr. 580-96.

On August 8, 2013, the ALJ issued a decision finding the Plaintiff not disabled and denying his claim (hereafter as the "Decision").   Tr. 22-29.   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date.   Tr. 24.   At step two, the ALJ determined that the Plaintiff had the following medically determinable impairments: attention deficit hyperactivity disorder ("ADHD"), bipolar disorder, and leg injury.   *Id.*   However, the ALJ concluded that the Plaintiff:

> …does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921 *et seq.*).

Tr. 25-29.   Thus, the ALJ found that the Plaintiff is not disabled and denied his SSI claim.   Tr. 29.

Following the ALJ's decision, the Plaintiff filed a request for review by the Appeals Council, which was denied on August 15, 2014.   Tr. 10-12.   Accordingly, the ALJ's Decision is the final decision of the Commissioner.   The Plaintiff filed an appeal in this Court on August 29, 2014.   Doc. 1.

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.    42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).    The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.    *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.    *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.    *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).    The Commissioner's findings of fact are conclusive if supported by substantial evidence.    42 U.S.C. § 405(g).    Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."    *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

### a.   *Whether the ALJ properly conducted a de novo review*

The Plaintiff first argues that the ALJ erred by failing to properly conduct a *de novo* review of the evidence in this case. The Commissioner responds that the ALJ fully reviewed the evidence that related to the relevant period and properly found that it supported his finding that the Plaintiff's impairments were not severe. Administrative *res judicata* applies when the agency has made a "previous determination or decision ... about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision [had] become final by either administrative or judicial action." *See* 20 C.F.R. § 404.957(c)(1); *see also Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003). The Eleventh Circuit has held that *res judicata* does not attach to cases where "the factual time period for [the claimant's] current application is different from [the] previous application." *Luckey*

*v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009); *McKinze v. Commssioner*, 362 F. App'x 71, 73 (11th Cir. 2010).   Here, while the Plaintiff contends that the ALJ simply "accepted" the findings made in the prior decision and improperly applied the doctrine of *res judicata*, a review of the ALJ's findings reveals that he did indeed conduct a *de novo* review of the Plaintiff's case.   Nevertheless, the Court finds that ALJ's review of the evidence was not based on substantial evidence for other reasons discussed in the next section of this Order.

In his Decision, the ALJ "accept[ed] the previous Administrative Law Judge Decision dated October 19, 2011," but also acknowledged that there had "been additional evidence submitted subsequent to the previous decision," and that new evidence did not warrant a different determination than the previous decision.   Tr. 22.   Contrary to the Plaintiff's argument, the ALJ made clear from the beginning of his Decision that his acceptance of the findings made in the prior decision did not control his disability finding, which was instead based on consideration of new evidence covering the relevant period in this case.   To that end, the ALJ discussed the new evidence submitted after the previous decision in determining that the Plaintiff did not suffer from a severe impairment.   Even though the ALJ referenced the prior decision in order to provide background for his findings, there is little support for the Plaintiff's claim that his findings were completely contingent on the determinations made in that prior decision.   Thus, the Court finds that the Plaintiff's first argument is without merit.

### b.  Whether the ALJ properly considered the severity of the Plaintiff's mental impairments at step two of his Decision

The Plaintiff next argues that the ALJ failed to properly consider the severity of his mental impairments at step two of his Decision.   The Commissioner responds that substantial evidence supports the ALJ's step two finding, and the Plaintiff failed to meet his burden in demonstrating that he suffered from a severe impairment.   At step two, the claimant bears the burden of proving the existence of a severe impairment.   *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).   In determining the severity of an impairment at step two, evidence about the functionally limiting effects of an individual's impairments must be evaluated in order to assess the effect of the impairments on the individual's ability to perform basic work activities.   *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996).   An impairment is non-severe if it "is a slight abnormality which has such a minimal effect on the individual that it could not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."   *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).   Likewise, the Social Security regulations provide that an impairment is non-severe if it "does not significantly limit [a claimant's] physical or mental ability to do basic work activities."   20 C.F.R. § 404.1521(a).

The Plaintiff posits that the ALJ failed to properly consider multiple treatment records showing that he suffered from functional restrictions as a result of his mental impairments, including poor to fair insight and judgment, abnormalities in mood and affect, delusions, and paranoia.   While several of the records cited by the Plaintiff relate to the administrative period from the prior decision, there are indeed treatment

records from the relevant period that corroborate the Plaintiff's claims of mental limitations.  For instance, the record contains progress notes from a number of treating sources at Lee Mental Health Center dated December 2011 through December 2012, which seemingly contradict the ALJ's step two finding.  *See* Tr. 418-56, 498-505.  During this time, Don Baracskay, M.D., diagnosed the Plaintiff with intermittent explosive disorder and antisocial personality disorder, and contemporaneous treatment notes revealed a number of psychosocial problems.  *See* Tr. 418 (noting fair judgment and insight), 422 (noting that the Plaintiff refused to speak and had poor insight and judgment), 423-24 (noting his mood/affect was angry and he "refused to talk [about his history saying] 'is all in there'"), 424 (noting that the Plaintiff's progress toward symptom control was worsening and he "atempted [sic] to use [his] cell phone during [the] interview and when redirected politely to continue interview he walked out of the room"), 426 (noting that the Plaintiff "just wants to harm the people he has 'beef' with"), 431 (noting that the Plaintiff "is mute and staring at me oddly"), 438 ("Insight and judgment seem poor."), 441 (noting "severe" psychosocial and environmental problems and assigning the Plaintiff a GAF score of 50), 442 (noting poor judgment and insight, delusions, and paranoia), 443 (noting an angry, depressed, anxious, and inappropriate mood/affect), 446 (noting poor judgment and insight), 447 (noting an angry, depressed, and inappropriate mood/affect), 448 ("He still slams doors when he gets upset. He admits to no friends; doesn't [go] out; says it's too violent out there."), 450 (noting poor judgment and insight), 455 (noting

evidence of sociopathic behavior, including anger outbursts, and assigning a GAF score of 45), 498 (noting fair judgment and insight).

In his step two finding, the ALJ acknowledged the treatment records from Lee Mental Health Center, but summarily dismissed them without further discussion and instead deferred to the conclusions from the previous decision. *See* Tr. 27 ("The undersigned has reviewed the new evidence from Lee Mental Health and agrees with the previous decision. There is no new evidence that would substantiate a different determination (Exhibits 1F, and B1F-B2F)."). To that end, the ALJ failed to even reference, let alone discount, the GAF scores issued by the Plaintiff's treating physicians, which indicate the presence of serious mental symptoms. *See* Tr. 441, 445; *see also* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32-34 (Text Revision, 4th ed. 2000) (stating that a GAF score of 41 to 50 denotes "serious symptoms … or any serious impairment in social, occupational, or school functioning."). The Eleventh Circuit has indicated that where a GAF score is below 50, and thus denotes severe mental impairments, an ALJ must consider what, if any, weight to accord such a GAF score. *See McCloud v. Barnhart*, 166 F. App'x 410, 418 (11th Cir. 2006) (remanding in part because the ALJ "failed to consider [the plaintiff's] GAF score of 48 … when determining whether she was disabled").

Finally, the Court finds that the ALJ failed to properly discount the pertinent opinion evidence on record. State agency psychological consultants Jill Rowan, Ph.D., and David Tessler, Ph.D., both opined that the Plaintiff's mental impairments caused more than a mild impact on his ability to function. *See* Tr. 292-97 (opining

that the Plaintiff suffered from moderate limitations in mental functioning and recommending job placement "away from the demands of the public, and non-confrontational supervision"), 302-06 (opining that the Plaintiff suffered from moderate limitations in mental functioning and recommending job placement "away from the demands of the public, and non-confrontational supervision"). The ALJ ultimately discounted these opinions because they were "inconsistent with the treatment records…." Tr. 28. However, the most recent treatment records from Lee Mental Health Center contradict the ALJ's conclusion, and it is unclear which treatment notes the ALJ apparently utilized in discounting the opinions of Drs. Rowan and Tessler.

The Commissioner contends that the "scant medical evidence provides substantial evidence supporting the ALJ's finding." *See* Doc. 21 at 7-8. Specifically, the Commissioner asserts that after the Plaintiff's Baker Act commitment in June 2012, he was not treated until December 2012. However, the Commissioner's assertion is not supported by the record, which reveals intermediate visits in August and October 2012. *See* Tr. 500-05. Nevertheless, progress notes from December 2012 demonstrated that the Plaintiff continued to suffer from psychosocial symptoms that limited his ability to function. *See* Tr. 500 ("Still goes off on people. Stays home. Fears he'll get [into] trouble[,] as difficulty [trusting] people."). Similarly, the Commissioner ignores the GAF scores issued by the Plaintiff's treating sources that indicated the presence of serious mental symptoms.

The Commissioner also failed to contradict the treatment notes prior to June 2012 that appear to show, at the very least, moderate psychosocial difficulties.

In sum, the Court finds that the ALJ failed to demonstrate that his step two finding was based on substantial evidence, and remand is necessary to rectify this error.   The Eleventh Circuit consistently has held that an ALJ's step two analysis is a threshold inquiry, which "allows only claims based on the most trivial impairments to be rejected."  *See McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).   In this case, the ALJ has failed to support his conclusion that the Plaintiff's mental impairments were so trivial as to preclude further analysis.   To that end, the Court is unable to discern whether the ALJ properly considered all of the relevant medical evidence on record, namely including the treatment notes from Lee Mental Health Center that identified various psychosocial difficulties during the relevant period. Therefore, upon remand, the ALJ must reassess whether the Plaintiff suffered from a severe impairment and in doing so must reconsider and discuss the pertinent medical evidence on record.   If necessary, the ALJ shall arrange for a supplementary hearing to elicit additional testimony from the Plaintiff as well as a vocational expert ("VE").   The ALJ may discount the opinions of the Plaintiff's treating sources, so long as he provides "good cause" for his conclusions.   *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).   However, if the ALJ's reconsideration of the evidence results in the identification of a severe impairment at step two of his new decision, the ALJ must proceed accordingly with the sequential analysis.

c.      *Whether the ALJ was required to utilize VE testimony at the Hearing*

The Plaintiff next claims that the ALJ erred by failing to utilize VE testimony at the Hearing in assessing whether he was capable of performing work in the national economy.   Generally, VE testimony is helpful in the last two steps of the sequential analysis in order to aid the Commissioner in demonstrating that a Plaintiff can perform work in the national economy in spite of his impairments. However, there is no requirement that an ALJ utilize VE testimony in the earlier steps of the sequential analysis, so long as he is able to support his findings with substantial evidence.   *See Hennes v. Commissioner of Social Security*, 130 F. App'x. 343, 345-46 (11th Cir. 2005) (quoting 20 C.F.R. § 404.1560(b)(2)); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n. 2 (11th Cir. 1990) (finding that "because the ALJ concluded that [the claimant] is capable of performing her past relevant work, testimony from a vocational expert was not necessary").   Here, since the ALJ did not find that the Plaintiff suffered from a severe impairment, VE testimony was unnecessary at the Hearing.   However, the Court finds that the ALJ's step two finding was not based on substantial evidence; and, upon remand, a contrary step two finding could necessitate the use of a VE at a subsequent hearing.   For this reason, the Court finds that any ruling on the Plaintiff's third argument would be premature.

d.      *Whether the ALJ properly considered the Plaintiff's SSDI claim*

Finally, the Plaintiff argues that the ALJ failed to render a decision on his SSDI claim.   The Commissioner responds that any error committed by the ALJ by

not explicitly addressing the Plaintiff's SSDI claim in his Decision was harmless because the Plaintiff was not eligible for SSDI benefits.   Doc. 21 at 10.

After having his claims for SSI and SSDI denied initially and upon reconsideration, the Plaintiff requested a hearing before an ALJ on both of his claims. *See* Tr. 326 ("I REQUEST A HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE. I DISAGREE WITH THE DETERMINATION MADE ON MY CLAIM FOR SSI DISABILITY/TITLE II BENEFITS....").   However, there is no indication that the ALJ formally addressed the Plaintiff's SSDI claims at either the Hearing or in his Decision.   The Commissioner cites to the relevant regulations listing the eligibility requirements for SSDI and seemingly asks the Court to independently rule on the Plaintiff's SSDI claim.   *See* 42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350.   However, this request is beyond the scope of the Court's review, which is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   In this case, it is clear that the ALJ did not apply the correct legal standards, as the Social Security regulations provide a claimant with the right to a hearing decision on his SSDI claim. *See* 20 C.F.R. § 404.929 (noting that the ALJ "shall issue a decision based on the hearing record.").   Thus, upon remand, the ALJ must include in his new decision a formal determination on the Plaintiff's SSDI claim.   If necessary, the ALJ shall arrange for a supplementary hearing in order to elicit additional testimony from the Plaintiff.

## V.    Conclusion

Upon review of the record, the undersigned concludes that the ALJ failed to apply the proper legal standards, and his determination that the Plaintiff is not disabled was not supported by substantial evidence.

ACCORDINGLY, it is hereby **ORDERED**:

1.    The decision of the Commissioner is **REVERSED and REMANDED** for further proceedings consistent with the findings in this order.

2.    The Clerk is directed to enter judgment accordingly and **CLOSE** the file.

3.    The Plaintiff is advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be no later than thirty (30) days after the date of the Social Security letter sent to the Plaintiff's counsel of record at the conclusion of the agency's past due benefit calculation stating the amount withheld for attorney's fees.

4.    The Plaintiff is directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of July, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record