UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRED LUSTER,

    Plaintiff,

v.                                     Case No: 2:14-cv-514-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Before the Court is Plaintiff, Fred Luster's Unopposed Application for Attorney Fees under the Equal Access to Justice Act (Doc. 24), filed on August 26, 2015. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $6,295.85. Plaintiff included an itemization of time confirming a total of 33 hours worked in this matter, and represents that the Commissioner has no objection to the motion. Doc. 24 at 2, 9-10. For the reasons stated herein, the motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, on July 15, 2015, the Court entered an Opinion and Order remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. 22.  Judgment was entered on July 16, 2015.  Doc. 23.  Thus, Plaintiff is the prevailing party in this litigation.  Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified and that his net worth at the time this proceeding was filed was less than two million dollars.  Doc. 24 at 1-2, 3-4.  The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Determination of the appropriate hourly rate thus is a two-step process.  The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases.  *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

As noted by Plaintiff's counsel, he is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work he performed in this case.  Because the Commissioner does not object to the adjusted

hourly rates sought and they are within the rates permitted by the EAJA, the Court finds that $190.95 and $189.55 are appropriate hourly rates. Plaintiff's counsel also has submitted a timesheet that includes an itemization of legal services performed. Doc. 24 at 9-10. Counsel spent a total of 33 hours of work on Plaintiff's case. After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff, Fred Luster's Unopposed Application for Attorney Fees under the Equal Access to Justice Act (Doc. 24) is **GRANTED**. Attorney's fees in the amount of $6,295.85 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government represents that it will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

---

[1] The Court notes that included in the 33 hours for which Plaintiff's counsel seeks compensation under the EAJA is 3.2 hours for reviewing the Appeals Council decision and medical evidence prior to filing the Complaint in this Court. Doc. 24 at 9. Courts have determined that in certain circumstances, such as where counsel needs to familiarize himself with the case because the claimant was represented by different counsel or a non-attorney at the administrative level, a reasonable number of hours spent prior to the filing of a civil complaint may be compensable under the EAJA. *Caylor v. Astrue*, 769 F.Supp.2d 1350, 1352-53 (M.D. Fla. 2011).

Here, Plaintiff was represented by different counsel on appeal than he was during the administrative proceedings. *See* Doc. 16-3 at 54 (transcript of hearing before ALJ reflecting an appearance on Plaintiff's behalf by attorney Nirupa Netram; whereas, Jonas Kushner is the attorney seeking EAJA compensation for work performed in this Court). Accordingly, because courts have found pre-complaint preparation may be compensable under the EAJA when the amount of time expended is reasonable in circumstances such as those present here, and the Commissioner does not object to the number of hours or amount of attorney's fees requested, the Court finds the time spent is reasonable and compensable in this case.

2.   The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $6,295.85 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of September, 2015.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record